

1  Joshua B. Swigart, Esq. (SBN: 225557)
   josh@westcoastlitigation.com
2  Robert L. Hyde, Esq. (SBN: 227183)
   bob@westcoastlitigation.com
3  **Hyde & Swigart**
4  411 Camino Del Rio South, Suite 301
   San Diego, CA 92108-3551
5  Telephone:  (619) 233-7770
6  Facsimile:  (619) 297-1022
7
8  Attorneys for the Plaintiff
   Steven Langdon
9
10
11              **UNITED STATES DISTRICT COURT**
12              **SOUTHERN DISTRICT OF CALIFORNIA**

13  | Steven Langdon | Case Number: 10 CV 1508 DMS POR |
    |---|---|
14  | Plaintiff, | **Complaint For Damages** |
15  | v. | **Jury Trial Demanded** |
16  | NCO Financial Systems Inc., and Earl Lewis | |
17  | Defendants. | |

20
21                    **INTRODUCTION**

22  1.  The United States Congress has found abundant evidence of the use of

23      abusive, deceptive, and unfair debt collection practices by many debt

24      collectors, and has determined that abusive debt collection practices

25      contribute to the number of personal bankruptcies, to marital instability, to the

26      loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair

27      Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter

28      "FDCPA"), to eliminate abusive debt collection practices by debt collectors,

*(left margin, vertical)* **HYDE & SWIGART** San Diego, California

*ORIGINAL*

HYDE & SWIGART
San Diego, California

to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2.  The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3.  Steven Langdon, (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of NCO Financial Systems Inc. (NCO), and Earl Lewis (Lewis), (jointly, "Defendants"), with regard to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4.  Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5.  While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6.  Unless otherwise stated, Plaintiff alleges that any violations by Defendants were knowing and intentional, and that Defendants did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

7.  Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

8.  This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("RFDCPA").

9.  Because Defendants do business within the State of California, personal jurisdiction is established.

10. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

11. At all times relevant to this matter, Plaintiff was an individual residing within the State of California.

12. At all times relevant, Defendants conducted business within the State of California.

13. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

14. Defendants are persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore "debt collectors" as that phrase is defined by 15 U.S.C. § 1692a(6).

15. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

16. Defendants, in the ordinary course of business, regularly, on behalf of themselves, or others, engage in debt collection as that term is defined by California Civil Code § 1788.2(b), are therefore "debt collectors" as that term is defined by California Civil Code § 1788.2(c).

HYDE & SWIGART
San Diego, California

17.   This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.  As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## FACTUAL ALLEGATIONS

18.   At all times relevant to this matter, Plaintiff was an individual residing within the State of California.

19.   At all times relevant, Defendants conducted business within the State of California.

20.   Sometime before 2/15/2010, Plaintiff is alleged to have incurred certain financial obligations.

21.   These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

22.   These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

23.   Sometime thereafter, but before 2/15/2010, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt.  Plaintiff currently takes no position as to the validity of this alleged debt.

24.   Subsequently, but before 2/15/2010, the alleged debt was assigned, placed, or otherwise transferred, to Defendants for collection.

25.   Sometime thereafter, but before 2/15/2010, Defendants contacted Plaintiff's elderly parents demanding to either speak with Plaintiff or that Plaintiff's parents disclose Plaintiff's whereabouts. When asked what the call was in

HYDE & SWIGART
San Diego, California

regards to by Plaintiff's mother, Defendants disclosed that the call was in regards to a loan taken by the Plaintiff.

26. Except as provided in 15 U.S.C. § 1692b, and without the prior consent of the consumer given directly to the Defendants, and without the express permission of a court of competent jurisdiction, and for a purpose not reasonably necessary to effectuate a postjudgment judicial remedy, Defendants communicated, in connection with the collection of a debt, with a person other than the consumer, his attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of Plaintiff. Consequently, Defendant violated 15 U.S.C. § 1692c(b), as well as California's Rosenthal Act as Cal. Civ. Code § 1788.17 incorporates those sections.

27. On or about 2/15/2010, Defendant, through its agent and employee, Earl Lewis, telephoned Plaintiff's place of work and demanded payment of the alleged debt in a message.

28. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

29. This communication was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase, and an "initial communication" consistent with Cal. Civ. Code § 1812.700(b).

30. The following day, on or about 2/16/2010, Plaintiff returned Defendant Earl Lewis' phone call. During this conversation, Defendant Lewis, as an agent and employee of Defendant NCO, was rude and abrasive, demanding to know why Plaintiff did not call back sooner. In this conversation, Plaintiff asked Defendant Lewis, as an agent and employee of Defendant NCO, to stop calling his place of business as his employer prohibits him from receiving

HYDE & SWIGART
San Diego, California

1    such communication.   He also instructed Defendant Lewis, as an agent and
2    employee of Defendant NCO, to stop calling his elderly parents.

3    31.   During this same call, Plaintiff provided a correct contact number for himself,
4          but Defendant Lewis, as an agent and employee of Defendant NCO, ignored
5          the request and proceeded with trying to discuss debt collection settlement
6          options.   At this time, Plaintiff asked Defendants to call the appropriate
7          number in the morning so Plaintiff could discuss the options with his wife.

8    32.   This communication to Plaintiff was a "communication" as that term is
9          defined by 15 U.S.C. § 1692a(2).

10   33.   This communication was a "debt collection" as Cal. Civ. Code 1788.2(b)
11         defines that phrase.

12   34.   Subsequently, in the following week, on or about 2/17/2010 through
13         2/26/2010, Defendant Lewis, as an agent and employee of Defendant NCO,
14         repeatedly called Plaintiff's business and elderly relatives again.

15   35.   During this time frame, on or about 2/17/2010 through 2/26/2010, Plaintiff
16         left several messages on Defendant, Earl Lewis's answering machine at (866)
17         316-2119 gain asking Defendant to stop calling Plaintiff's business and
18         harassing Plaintiff's employees, and to stop calling Plaintiff's elderly
19         relatives.  Plaintiff also expressed his willingness to work with Defendant, but
20         Defendant Lewis, as an agent and employee of Defendant NCO, persisted.

21   36.   On or about 3/7/2010, Defendant called Plaintiff's place of employment and
22         spoke with Plaintiff's employee about the alleged debt.   Plaintiff's employee
23         was uncomfortable speaking with Defendant because Defendant was rude,
24         forceful, and demanded that she (the employee) make Plaintiff's wife call him
25         back. Plaintiff's employee felt compelled and did hang up on Defendant.

26   37.   This communication was a "debt collection" as Cal. Civ. Code 1788.2(b)
27         defines that phrase.

28

HYDE & SWIGART
San Diego, California

38.   On or about 3/9/2010 and 3/10/2010, Plaintiff left another message for Defendant Lewis, as an agent and employee of Defendant NCO, at (866) 316-2119 to again requested that Defendant stop calling Plaintiff's business and relatives.   Plaintiff left several messages at various times and even on weekends, but the harassment continued.

39.   On or about 3/17/2010, Defendant Lewis, as an agent and employee of Defendant NCO, contacted Plaintiff's wife at their place of business. When Plaintiff's wife informed him that Plaintiff handles all the bills, and that Defendant must stop calling their (Plaintiff and his wife's) business, Defendant Lewis, as an agent and employee of Defendant NCO, replied, "This is Mr. Lewis, do you know who I am? You should know who I am cause (sic) you owe us money, your name is on the account!" Defendant then proceeded to yell at Plaintiff's wife about Plaintiff returning phone calls to him.  The yelling was abusive enough to compel Plaintiff's wife to hang up.

40.   On or about 4/6/2010, 4/7/2010, and 5/14/2010, Defendant Lewis, as an agent and employee of Defendant NCO, called Plaintiff's business and left a message with Plaintiff's employee.

## COUNT I

## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

### 15 U.S.C. §§ 1692 ET SEQ.

41.   Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

42.   The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

43.   As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in

HYDE & SWIGART
San Diego, California

an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

### COUNT II

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (RFDCPA)
### CAL. CIV. CODE §§ 1788-1788.32

44. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

45. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA, including but not limited to each and every one of the above-cited provisions of the RFDCPA, Cal. Civ. Code §§ 1788-1788.32

46. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of actual damages pursuant to California Civil Code § 1788.30(a);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);

- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

47. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Date: July 15, 2010                                    **Hyde & Swigart**

                                                       By:

                                                       Joshua B. Swigart
                                                       Attorneys for Plaintiff

HYDE & SWIGART
San Diego, California

**JS 44**   (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Steven Langdon | NCO Financial Systems Inc, and Earl Lewis |

| **(b)** County of Residence of First Listed Plaintiff   San Diego | County of Residence of First Listed Defendant   San Diego |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |
| | NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Hyde & Swigart
411 Camino Del Rio South Suite 301, San Diego, CA 92108

Attorneys (If Known)

'10 CV 1508 DMS    POR

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | **PERSONAL INJURY** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | ☐ 362 Personal Injury - Med. Malpractice | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 365 Personal Injury - Product Liability | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | **PERSONAL PROPERTY** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 370 Other Fraud | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 371 Truth in Lending | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 380 Other Personal Property Damage | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| **CIVIL RIGHTS** | ☐ 385 Property Damage Product Liability | ☐ 462 Naturalization Application | | |
| ☐ 441 Voting | **PRISONER PETITIONS** | ☐ 463 Habeas Corpus - Alien Detainee | | |
| ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | ☐ 465 Other Immigration Actions | | |
| ☐ 443 Housing/ Accommodations | **Habeas Corpus:** | | | |
| ☐ 444 Welfare | ☐ 530 General | | | |
| ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | | | |
| ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | | | |
| ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
FDCPA

Brief description of cause:
15 U.S.C. § 1692 et seq.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $  7,5001.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):    JUDGE          DOCKET NUMBER

DATE
July 16, 2010

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #  16073   AMOUNT  $350   7/20/10 PH   APPLYING IFP      JUDGE        MAG. JUDGE

*ORIGINAL*

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS016073
Cashier ID: bhartman
Transaction Date: 07/20/2010
Payer Name: HYDE AND SWIGART
-----------------------------------
CIVIL FILING FEE
 For: LANGDON V NCO FINCL SYSTEMS
 Case/Party: D-CAS-3-10-CV-001508-001
 Amount:        $350.00
-----------------------------------
CHECK
 Check/Money Order Num: 4009
 Amt Tendered:  $350.00
-----------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.
```